UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIEL A. KANDI, | Case No. CV 17-7650-GW (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| STEVEN LANGFORD, ET AL., | |
| Defendants. | |

**I.**

**INTRODUCTION**

Plaintiff Emiel A. Kandi ("Plaintiff"), an inmate in the custody of the Bureau of Prisons at Lompoc Federal Correctional Institution ("Lompoc"), proceeding pro se, has filed a civil rights complaint ("Complaint") against numerous defendants alleging a conspiracy to "open and read-for content Plaintiff's Legal Mail." See ECF Docket No. ("Dkt.") 1, Compl. The Court has now screened the Complaint pursuant to 28 U.S.C. § 1915A(a). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///

///

///

# II.

# BACKGROUND

On October 19, 2017, the Court received an unsigned civil rights Complaint from Plaintiff. Compl. 1. The Complaint sues the following individual defendants in both their individual and official capacities: Steven Langford, Ray Garcia, John Brannan, Ms. [FNU] Castillo, Melissa Nathan, James Binnebose, Jesus Mendonza, [FNU] Jones, Stacey Morales, Mary M. Mitchell, Lompoc U.S.P.S. Postal Inspector, and the Postmaster General of the United States ("Individual Defendants"). Id. The Complaint also names the United States Bureau of Prisons, the United States Department of Justice, and the United States Postal Service ("Entity Defendants")[1] as defendants. Id.

Plaintiff alleges six causes of action: (1) violations of the First and Sixth Amendment under Bivens;[2] (2) conspiracy under 42 U.S.C. §§ 1985 and 1986; (3) intentional infliction of emotional distress under the Federal Tort Claims Act ("FTCA"); (4) breach of fiduciary duty; (5) obstruction of correspondence under 18 U.S.C. § 1702; and (6) delay or destruction of mail under 18 U.S.C. § 1703. Id. Plaintiff's claims arise from his allegation that "Defendant Conspirators have opened and read-for-content Plaintiff's Legal Mail from private attorneys, the U.S. District Courts, The Ninth Circuit Court of Appeals, The United States Supreme Court, The U.S. Attorney, The Department of Homeland Security, and the National Defense Agency." Id. at 3. Plaintiff further alleges "[t]hese pieces of mail were ALL opened and read outside of Plaintiff's presence." Id.

///
///
///

---

[1] The Individual Defendants and the Entity Defendants are collectively referred to herein as "Defendants."

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

## III.
## **STANDARD OF REVIEW**

As Plaintiff is a prisoner who has filed a civil action seeking "readdress from a governmental entity or officer of employee of a governmental entity," the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). If, however, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. THE COMPLAINT MUST BE STRICKEN BECAUSE IT IS UNSIGNED

Pursuant to Federal Rule of Civil Procedure 11, "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is

promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11. Here, Plaintiff failed to sign the Complaint. Hence, the Complaint must be stricken. See West v. Hulbert, No. 1:16-CV-46-DAD-JLT (PC), 2016 WL 2854416, at *1 (E.D. Cal. May 16, 2016) (striking unsigned civil rights complaint with leave to amend).

### B. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER BIVENS AGAINST THE ENTITY DEFENDANTS, OR THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY

The Supreme Court has recognized an implied cause of action against certain federal officials for certain constitutional violations. See Bivens, 403 U.S. 388. However, a Bivens claim is not available against federal agencies or federal agents sued in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 486, 510 U.S. 471, 486, 114 S. Ct. 996, 1006, 127 L. Ed. 2d 308 (1994). Hence, Plaintiff's claims for relief under Bivens against the Entity Defendants, and Individual Defendants in their official capacity must be dismissed.

### C. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER BIVENS FOR VIOLATIONS OF THE FIRST, SIXTH, OR FOURTEENTH AMENDMENTS

The Sixth Amendment prohibits prison officials from reading correspondence between an inmate and his lawyer. Nordstrom v. Ryan, 762 F.3d 903, 906 (9th Cir. 2014). "This is because it is highly likely that a prisoner would not feel free to confide in his lawyer such things as incriminating or intimate personal information -- as is his Sixth Amendment right to do -- if he knows that the guards are reading his mail." Id. However, correspondence between an inmate and a court does not constitute "legal mail" implicating Sixth Amendment protections. Id.; Meador v. Pleasant Valley State Prison, 312 F. App'x 954, 955

(9th Cir. 2009)[3] (stating "because the mail at issue appeared to come from the California Court of Appeal, it did not constitute constitutionally protected 'legal mail'").

In addition, the First and Fourteenth Amendments provide the right to access the courts, which affords inmates the ability to litigate claims without active interference by prison officials. Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). To state a claim against prison officials for denial of access to the courts during a plaintiff inmate's pending civil litigation, the plaintiff must allege the prison officials acted "in order to hinder his ability to litigate his pending civil lawsuits." Id. at 1104. The plaintiff must also allege an actual injury, i.e., that some official action has frustrated or is impeding the plaintiff's attempt to bring a nonfrivolous legal claim. Nev. Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). Specifically, a plaintiff must describe: (1) a nonfrivolous underlying claim that was allegedly compromised "to show that the 'arguable' nature of the claim is more than hope"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim. Christopher v. Harbury, 536 U.S. 403, 416, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). A missed filing deadline, by itself, does not state an access to the courts claim. See Flagg v. City of Detroit, 715 F.3d 165, 178-79 (6th Cir. 2013); Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006).

Here, Plaintiff identifies multiple incidents where his mail was allegedly "opened and read-for-content." See Compl., Ex. A. However, only three of the listed incidents involve mail from an attorney. Moreover, it is unclear as to whether the three attorney incidents involved privileged communications with Plaintiff's counsel (as opposed to communications with opposing counsel). Hence,

---

[3] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R.App. P. 32.1(a).

6

because Plaintiff fails to allege facts establishing interference with "Legal Mail," as defined by the courts, his Sixth Amendment claim must be dismissed.

In addition, Plaintiff identifies multiple incidents where his mail was allegedly delayed. <u>Id.</u> Plaintiff further alleges he "is always in fear of missing a Court deadline with absolutely no way to prove that the fault does not rest on his own shoulders." <u>Id.</u> at 5. These allegations fail to establish an actual missed deadline and a resulting injury, i.e., that some official action has frustrated or is impeding the plaintiff's attempt to bring a nonfrivolous legal claim. Hence, because Plaintiff fails to allege facts establishing an actual injury from the alleged mail delays, Plaintiff's First and Fourteenth Amendment claims must be dismissed.

**D.     PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. §§ 1985 OR 1986**

Title 42 U.S.C. § 1985(3) ("Section 1985") "prohibits conspiracies 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws.'" <u>Holgate v. Baldwin</u>, 425 F.3d 671, 676 (9th Cir. 2005). The deprivation of rights must be motivated by a racial, or other class-based, discriminatory animus. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980). To state a Section 1985 claim, a plaintiff must allege facts showing agreement of the alleged conspirators to deprive him or his rights. <u>Margolis v. Ryan</u>, 140 F.3d 850, 853 (9th Cir. 1998). Conclusory allegations of a conspiracy are insufficient to state a valid Section 1985 claim. <u>Id.</u>; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678

Title 42 U.S.C. § 1986 ("Section 1986") "creates a right to recover damages . . . against every person who has knowledge of, and power to prevent, a § 1985 conspiracy, but neglects or refuses to act." <u>Burnett v. Grattan</u>, 468 U.S. 42, 44 n.5, 104 S. Ct. 2924, 82 L. Ed. 2d 36 (1984). "A cause of action is not provided under [Section 1986] absent a valid claim for relief under [S]ection 1985." <u>Trerice v. Pedersen</u>, 769 F.2d 1398, 1403 (9th Cir. 1985).

Here, Plaintiff's second and third causes of action allege Defendants violated Sections 1985 and 1986. However, the Complaint contains only conclusory allegations, but no specific facts, to support a conspiracy claim. Plaintiff's factual allegations do not "plausibly suggest" Defendants had an agreement to deprive Plaintiff of his rights. Starr, 652 F.3d at 1216. In addition, while Plaintiff states he is an "Arab-American minority," Compl. at 12, Plaintiff fails to allege facts suggesting Defendants acted with any discriminatory animus.

Accordingly, Plaintiff fails to state a Section 1985 claim. Because Plaintiff fails to state a claim under Section 1985(3), he also fails to state a claim under Section 1986. Trerice, 769 F.2d at 1403. Accordingly, Plaintiff's claims under Section 1985 and Section 1986 must be dismissed.

### E. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE FTCA

The FTCA waives sovereign immunity defenses in tort claims brought against the United States. 28 U.S.C. § 2674. "[T]he United States is the only proper party defendant in an FTCA action." Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998). Hence, because Plaintiff has not named the United States as a defendant, Plaintiff's claim under the FTCA must be dismissed.

### F. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER 18 U.S.C. §§ 1702 AND 1703

Plaintiff's fifth and sixth causes of action purport to state claims for obstruction of correspondence under 18 U.S.C. § 1702 ("Section 1702"), and delay or destruction of mail under 18 U.S.C. § 1703 ("Section 1703"). However, Section 1702 and Section 1703 are criminal statutes and do not create a private right of action. Schowengerdt v. Gen. Dynamics Corp., 823 F.2d 1328, 1340 n.20 (9th Cir. 1987) (no private right of action under Section 1702); Woods v. McGuire, 954 F.2d 388, 391 (6th Cir. 1992) (no private right of action under Section 1703). Hence, Plaintiff's claims under Section 1702 and Section 1703 must be dismissed.

### G. THE COURT DECLINES TO EXERCISE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM FOR BREACH OF FIDUCIARY DUTY

The Court has original jurisdiction solely over Plaintiff's federal law claims, which should be dismissed for the reasons set forth above. "Where a district court 'dismiss[es] every claim over which it had original jurisdiction,' it retains pure[] discretion[]' in deciding whether to exercise supplemental jurisdiction over the remaining claims." Lacey v. Maricopa Cty., 649 F.3d 1118, 1137 (9th Cir. 2011) (alterations in original); see also 28 U.S.C. § 1367(c). Thus, because Plaintiff's federal law claims should be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for breach of fiduciary duty. Accordingly, Plaintiff's claim for breach of fiduciary duty is dismissed for lack of jurisdiction.

### V.
### LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or

9

rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. Cty. of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

///
///
///
///

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: December 08, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge