UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIEL A. KANDI,<br><br>               Plaintiff,<br><br>       v.<br><br>STEVEN LANGFORD, ET AL.,<br><br>            Defendants. | Case No. CV 17-7650-GW (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Emiel A. Kandi ("Plaintiff"), an inmate in the custody of the Bureau of Prisons at Lompoc Federal Correctional Institution ("Lompoc"), proceeding pro se, has filed a first amended civil rights complaint ("FAC") against numerous defendants alleging a conspiracy to delay, open, and read his "legal mail." See ECF Docket No. ("Dkt.") 9, FAC. The Court has now screened the FAC pursuant to 28 U.S.C. § 1915A(a). For the reasons discussed below, the Court dismisses the FAC with leave to amend.

///

///

///

## II.

## BACKGROUND

On October 19, 2017, the Court received an unsigned civil rights complaint ("Complaint") from Plaintiff.  Dkt. 1, Compl.  The Complaint sued various individual defendants in both their individual and official capacities.  Id.  The Complaint also named the United States Bureau of Prisons, the United States Department of Justice, and the United States Postal Service as defendants.  Id.  In the Complaint, Plaintiff alleged six causes of action: (1) violations of the First and Sixth Amendment under Bivens;[1] (2) conspiracy under 42 U.S.C. §§ 1985 and 1986; (3) intentional infliction of emotional distress under the Federal Tort Claims Act ("FTCA"); (4) breach of fiduciary duty; (5) obstruction of correspondence under 18 U.S.C. § 1702; and (6) delay or destruction of mail under 18 U.S.C. § 1703.  Id.  Plaintiff's claims arose from his allegation that "Defendant Conspirators have opened and read-for-content Plaintiff's Legal Mail from private attorneys, the U.S. District Courts, The Ninth Circuit Court of Appeals, The United States Supreme Court, The U.S. Attorney, The Department of Homeland Security, and the National Defense Agency."  Id. at 3.

On December 8, 2017, the Court dismissed the Complaint with leave to amend.  Dkt. 7, Order.  The Court found the unsigned Complaint (1) failed to comply with Federal Rule of Civil Procedure 11; (2) failed to state a claim for relief under Bivens against the entity defendants or individual defendants in their official capacity; (3) failed to state a clam for relief under Bivens for violations of the First, Sixth, or Fourteenth Amendments; (4) failed to state a claim for relief under 42 U.S.C. §§ 1985 or 1986; (5) failed to state a claim for relief under the FTCA; and (6) failed to state a clam for relief under 18 U.S.C. §§ 1702 or 1703.  Id.

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

On December 14, 2017, Plaintiff constructively filed the FAC.  Dkt. 9.  The FAC sues the following individual defendants in their individual capacity: Steven Langford, Ray Garcia, John Brannan, Ms. [FNU] Castillo, Melissa Nathan, James Binnebose, Jesus Mendonza, Mr. [FNU] Jones, Stacey Morales, Mary M. Mitchell, Lompoc U.S.P.S. Postal Inspector, and the Postmaster General of the United States (collectively, "Individual Defendants").  Id. at 1, 4-6.  The FAC also names the United States Bureau of Prisons, the United States Department of Justice, the United States Postal Service, and the United States (collectively, "Entity Defendants") as defendants.  Id. at 1, 5-6.

In the FAC, Plaintiff alleges four causes of action: (1) violations of the First and Sixth Amendment under Bivens; (2) conspiracy under 42 U.S.C. §§ 1985 and 1986; (3) intentional infliction of emotional distress under the Federal Tort Claims Act ("FTCA"); and (4) breach of fiduciary duty.  Id. at 1, 11-25.  Plaintiff's claims arise from his allegation that "Defendant Conspirators have opened and read-for-content Plaintiff's Legal Mail from private attorneys, the U.S. District Courts, The Ninth Circuit Court of Appeals, The United States Supreme Court, The U.S. Attorney, The Department of Homeland Security, and the National Defense Agency."  Id. at 3.  Plaintiff further alleges "[t]hese pieces of mail were ALL opened and read outside of Plaintiff's presence."  Id.

### III.

### STANDARD OF REVIEW

As Plaintiff is a prisoner who has filed a civil action seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court must screen the complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(a).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).  However, liberal construction should only be afforded to "a plaintiff's

4

factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). If, however, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A.    PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER BIVENS AGAINST THE ENTITY DEFENDANTS

The Supreme Court has recognized an implied cause of action against certain federal officials for certain constitutional violations. See Bivens, 403 U.S. 388. However, a Bivens claim is not available against federal agencies. See FDIC v. Meyer, 510 U.S. 471, 486, 510 U.S. 471, 486, 114 S. Ct. 996, 1006, 127 L. Ed. 2d 308 (1994). Hence, Plaintiff's claims for relief under Bivens against the Entity Defendants must be dismissed.

### B.    PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER BIVENS FOR VIOLATIONS OF THE FIRST, SIXTH, OR FOURTEENTH AMENDMENTS

The Sixth Amendment prohibits prison officials from reading correspondence between an inmate and his lawyer. Nordstrom v. Ryan, 762 F.3d

903, 906 (9th Cir. 2014). "This is because it is highly likely that a prisoner would not feel free to confide in his lawyer such things as incriminating or intimate personal information -- as is his Sixth Amendment right to do -- if he knows that the guards are reading his mail." Id. However, correspondence between an inmate and a court does not constitute "legal mail" implicating Sixth Amendment protections. Id.; Meador v. Pleasant Valley State Prison, 312 F. App'x 954, 955 (9th Cir. 2009).[2]

In addition, the First and Fourteenth Amendments provide the right to access the courts, which affords inmates the ability to litigate claims without active interference by prison officials. Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). To state a claim against prison officials for denial of access to the courts during a plaintiff inmate's pending civil litigation, the plaintiff must allege the prison officials acted "in order to hinder his ability to litigate his pending civil lawsuits." Id. at 1104. The plaintiff must also allege an actual injury, i.e., that some official action has frustrated or is impeding the plaintiff's attempt to bring a nonfrivolous legal claim. Nev. Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). Specifically, a plaintiff must describe: (1) a nonfrivolous underlying claim that was allegedly compromised "to show that the 'arguable' nature of the claim is more than hope"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim. Christopher v. Harbury, 536 U.S. 403, 416, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). A missed filing deadline, by itself, does not state an access to the courts claim. See Flagg v. City of Detroit, 715 F.3d 165, 178-79 (6th Cir. 2013); Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006).

---

[2] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

Here, despite specific guidance in this Court's prior order, Plaintiff fails to identify mail incidents involving privileged communications with Plaintiff's counsel.  Instead, Plaintiff appears to challenge the well-established legal precedent limiting "Legal Mail" to privileged communications.  See FAC at 10 (setting for a "Statement of Issues" including "Whether or not mail from U.S. Courts and U.S. Attorneys is "Legal Mail").  Hence, because Plaintiff again fails to allege facts establishing interference with "Legal Mail," as defined by the courts, his Sixth Amendment claim must be dismissed.

Similarly, despite specific guidance in this Court's prior order, Plaintiff fails to allege an actual missed deadline and a resulting injury as a result of Defendants' actions.  Rather, Plaintiff again alleges his mail has been delayed and he "is always in fear of missing a Court deadline with absolutely no way to prove that the fault does not rest on his own shoulders." Id. at 5.  However, these allegations fail to establish some official action has frustrated or is impeding Plaintiff's attempt to bring a nonfrivolous legal claim.  Hence, because Plaintiff fails to allege facts establishing an actual injury from the alleged mail delays, Plaintiff's First and Fourteenth Amendment claims must be dismissed.

## C.  PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. §§ 1985 OR 1986

Title 42 U.S.C. § 1985(3) ("Section 1985") "prohibits conspiracies 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws.'" Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005).  The deprivation of rights must be motivated by a racial, or other class-based, discriminatory animus. Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980).  To state a Section 1985 claim, a plaintiff must allege facts showing agreement of the alleged conspirators to deprive him or his rights. Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).  Conclusory allegations of a conspiracy are insufficient to state a valid Section 1985 claim. Id.; see also Iqbal, 556 U.S. at 678

Title 42 U.S.C. § 1986 ("Section 1986") "creates a right to recover damages . . . against every person who has knowledge of, and power to prevent, a [Section] 1985 conspiracy, but neglects or refuses to act." Burnett v. Grattan, 468 U.S. 42, 44 n.5, 104 S. Ct. 2924, 82 L. Ed. 2d 36 (1984). "A cause of action is not provided under [Section 1986] absent a valid claim for relief under [S]ection 1985." Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985).

Here, Plaintiff alleges Defendants violated Sections 1985 and 1986. However, as with the original Complaint, the FAC contains only conclusory allegations, but no specific facts, to support a conspiracy claim. Plaintiff's factual allegations do not "plausibly suggest" Defendants had an agreement to deprive Plaintiff of his rights. Starr, 652 F.3d at 1216. In addition, while Plaintiff states he is an "Arab-American minority," FAC at 11, Plaintiff again fails to allege facts suggesting Defendants acted with any discriminatory animus.

Accordingly, Plaintiff fails to state a Section 1985 claim. Because Plaintiff fails to state a claim under Section 1985(3), he also fails to state a claim under Section 1986. Trerice, 769 F.2d at 1403. Notably, Plaintiff has not remedied any of the deficiencies identified in this Court's order dismissing the Complaint with leave to amend. Accordingly, Plaintiff's claims under Section 1985 and Section 1986 must be dismissed.

**D.   PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE FTCA**

The FTCA waives sovereign immunity defenses in tort claims brought against the United States. 28 U.S.C. § 2674. "[T]he United States is the only proper party defendant in an FTCA action." Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).

Here, Plaintiff raises an FTCA claim against defendants Bureau of Prisons, United States Postal Service, and United States Department of Justice for intentional infliction of emotional distress. FAC at 23. However, as the Court

previously advised, the only proper party defendant in an FTCA action is the United States.  Hence, Plaintiff again fails to state claim under the FTCA.

Moreover, even if Plaintiff raised an FTCA claim against the United States, his allegations remain insufficient.  Under California law, the elements of a prima facie case of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009); Hughes v. Pair, 46 Cal. 4th 1035, 1050, 95 Cal. Rptr. 3d 636, 651, 209 P.3d 963 (2009).  The courts have set a "high bar" for establishing emotional distress.  Hughes, 46 Cal. 4th at 1051. "Severe emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" Id.

Here, Plaintiff alleges "Defendant's actions and ongoing conspiracy have caused him severe emotional distress and that the federal agencies involved are liable under the FTCA . . . as they knew of, and failed to prevent, the constitutional deprivations."  FAC at 21.  First, as discussed in Section IV.B., Plaintiff fails to allege a constitutional violation.  Moreover, the actions alleged (i.e. delaying, opening, and reading Plaintiff's mail) do not arise to "extreme and outrageous conduct."  Similarly, Plaintiff fails to allege any facts suggesting Defendants' alleged action were taken with the intention of causing, or in reckless disregard of the probability of causing, emotional distress.  Finally, while Plaintiff conclusorily alleges he has suffered severe emotional distress, none of the facts alleged suggest distress of such substantial or enduring quality that no reasonable person in civilized society should be expected to endure it.

Accordingly, Plaintiff's claim under the FTCA is again subject to dismissal.

**E.   THE COURT DECLINES TO EXERCISE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM FOR BREACH OF FIDUCIARY DUTY**

The Court has original jurisdiction solely over Plaintiff's federal law claims, which should be dismissed for the reasons set forth above.  "Where a district court 'dismiss[es] every claim over which it had original jurisdiction,' it retains pure[] discretion[]' in deciding whether to exercise supplemental jurisdiction over the remaining claims." <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 940 (9th Cir. 2012) (alterations in original); <u>see also</u> 28 U.S.C. § 1367(c).  Thus, because Plaintiff's federal law claims should be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for breach of fiduciary duty.  Accordingly, Plaintiff's claim for breach of fiduciary duty is dismissed for lack of jurisdiction.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## V.

## LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.      Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC.  In addition, the Second Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.  Lacey, 693 F.3d at 928.

2.      Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court**

**is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: January 25, 2018

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge